[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10260
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2009
THOMAS K. KAHN
CLERK

Agency No. A98-710-698

HESLERT JOSE CASTILLO-CASTILLO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

No. 08-14324
Non-Argument Calendar

_____

Agency No. A98-710-698

HESLERT JOSE CASTILLO-CASTILLO,
YISMAR MARIA MORALES-MENESES,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.

                        _____

                        Petitions for Review of a Decision of the
                            Board of Immigration Appeals
                        _____

                                (April 21, 2009)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

    Heslert Jose Castillo-Castillo ("Castillo"), a native and citizen of Venezuela,

petitions for review of the Board of Immigration Appeals's (BIA) dismissal of his

appeal from the Immigration Judge's (IJ) denial of withholding of removal, as well

as for review of the BIA's denial of his motion to reopen. He argues that he

proved a well-founded fear of persecution based on his status as a former journalist

who signed the referendum to recall President Hugo Chavez. He further argues

that the U.S. State Department's 2007 Country Report proves changed conditions

in Venezuela.

                                        I.

    Castillo filed an application for asylum in January 2005 on the basis of

political opinion. He had been a journalist since 1991, in the course of which he

stated that he "informed the public about the true totalitarian character of

[President Chavez], as well as about his Communistic ideas." Because of the political and social conditions, repression, censorship of the press, and threats to freedom of expression and human rights, Castillo said that he was extremely afraid to return to Venezuela. He stated that his work as a journalist made him fear that he would be tortured or that there would be threats against his life or his family.

Castillo submitted a number of documents in support of his asylum application, including the State Department's 2003, 2004, and 2005 Country Reports on Venezuela. Castillo also testified about the conditions in Venezuela, including statements about the Maisanta database, a government database which lists information on everyone who voted against President Chavez in the recall referendum. He testified that people in Maisanta cannot obtain passports and identification cards from the Venezuelan Embassy, and that his sister was fired in part because of appearing in Mainsanta. His testimony indicates that, at the time of the IJ's original decision, the government was already using Maisanta to restrict its opponents' access to government employment and services.

The IJ denied all of Castillo's claims for relief. He first found that the application was pretermitted as untimely. Castillo last entered the United States in June 2001 and did not file his asylum application until 2005. In the alternative, the IJ found that Castillo had not sufficiently demonstrated a well-founded fear of persecution on any of the statutory enumerated grounds. Castillo timely appealed.

3

The BIA dismissed the appeal.

Castillo moved the BIA to reopen his proceedings, stating that the 2007 Country Report, which was unavailable at the time of his removal proceedings or appeal, indicated changed circumstances in Venezuela that would support both an exception to the one-year filing deadline and his claim of a well-founded fear of persecution. Specifically, the 2007 report states that people in Maisanta are sometimes ineligible for government jobs and services. The BIA denied the motion, finding that the information in the report was the same as or cumulative of the previously submitted evidence.

## II.

We require a petitioner's brief to set forth his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the [petitioner] relies." FED. R. APP. P. 28(a)(9)(A). When a petitioner fails to offer argument before us on an issue, or makes only passing references to the issue, the brief is insufficient to raise a claim and the issue is abandoned. *See Sepulveda v. U.S. Attorney Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam). Issues raised for the first time in the petitioner's reply brief are also abandoned. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283 n.12 (11th Cir. 2001).

Castillo's brief only argues against the IJ's alternative finding that his asylum claim, which was pretermitted as untimely, would nevertheless have failed

4

on the merits. He does not argue that he met his burden of proving his withholding of removal claim. He does not mention withholding of removal or its standard until his reply brief. Accordingly, he has abandoned any such argument.

III.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Scheerer v. U.S. Attorney Gen.*, 513 F.3d 1244, 1252 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 146 (2008). This review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. *Garcia-Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985) (per curiam). The BIA abuses its discretion when its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Mickeviciute v. INS*, 327 F.3d 1159, 1162 (10th Cir. 2003).

A motion to reopen "shall state the new facts that will be proven at a [new] hearing," but "shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Motions to reopen are disfavored, especially in removal proceedings. *INS v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724 (1992). The moving party "bears a heavy burden, and must present evidence of such a nature that the BIA is satisfied that if

5

proceedings before the IJ were reopened, with all attendant delays, the new evidence offered would likely change the result in the case." *Ali v. U.S. Attorney Gen.*, 443 F.3d 804, 813 (11th Cir. 2006) (per curiam) (internal quotation marks and alterations omitted).

Castillo's argument relies primarily on two statements in the 2007 Country Report regarding the Chavez government's use of the Maisanta database to identify the government's opponents, discriminate against those opponents who hold government jobs, and render its opponents ineligible for government employment and services. However, Castillo already offered testimony at his 2006 asylum hearing as to the existence of Maisanta, the termination of his sister's government job due to her opposition to Chavez, and his belief that he would not be able to obtain a Venezuelan passport or identification card due to his own opposition to Chavez. Therefore, the BIA did not abuse its discretion in concluding that the 2007 report provided no new, material information as to a change in country conditions since the time the IJ entered the order of removal.

## CONCLUSION

For the foregoing reasons, we dismiss Castillo's petition for review of the removal order, and deny his petition for review of the denial of his motion to reopen.

6

**PETITION DISMISSED (No. 08-10260).  PETITION DENIED (No. 08-14324).**